No. 21,631.

*In re* Appeal from Survey (L. A. McDonald et al., *Appellants,*
v. The City of Iola et al., *Appellees*).

SYLLABUS BY THE COURT.

BOUNDARIES—*Survey Approved.* The evidence examined, and held to sustain the judgment of the district court approving a survey.

Appeal from Allen district court; OSCAR FOUST, judge.
Opinion filed November 9, 1918. Affirmed.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellants.

*S. A. Gard,* and *G. R. Gard,* both of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from the judgment of the district court approving a survey establishing certain boundaries.

The survey was instituted by the city of Iola, the owner of the Iola cemetery, which consists of two parts, the old and the new, and by S. Webb, the owner of a tract of land lying west of the cemetery. The surveyor made two reports. The first was set aside for want of notice, and the second, which was approved, was essentially a duplication of the first. The result was to establish the west line of the new part of the cemetery some distance west of an old hedge, and to establish Webb's west line accordingly. The appellants claim the hedge was the true cemetery line, and that the effect of the survey was to move Webb's west line over on their land.

While the appellants make some technical objections to the survey, there is no doubt that it correctly established the disputed boundaries, unless it were defective because it ignored the hedge. In one of the deeds pertinent to the controversy one of the calls was "the McDonald line," and it is claimed the hedge constituted the McDonald line. It is further claimed that the hedge was an old landmark, an ancient monument, and a known and recognized boundary acquiesced in since 1863. On the other side it is said that in deed descriptions by metes

and bounds there is no reference to the hedge, such as would have been almost inevitable if the hedge had been a recognized boundary. It is further said that the hedge not only was not an ancient boundary known and acquiesced in, but that it was well understood the city owned ground sufficient for two rows of cemetery lots west of the hedge, and the ancestor of the appellants, from whom they derived title, at one time stated he would try to buy the ground. The question of fact thus presented was determined by the trial court in favor of the survey, and the finding is supported by abundant evidence.

The judgment of the district court is affirmed.